Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT NICHOLAS PETRUSHKIN,<br><br>Defendant. | 2:21-CR-00164-SMJ-2<br><br>PLEA AGREEMENT |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, VINCENT NICHOLAS PETRUSHKIN, and Defendant's counsel, Walter Ayers, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant, VINCENT NICHOLAS PETRUSHKIN, agrees to enter a plea of guilty to Count 4 the Indictment filed on November 16, 2021, charging Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Defendant understands that this charge is a Class C felony charge and also understands that the maximum statutory penalty for this offense is not more than 10

PLEA AGREEMENT - 1

years of incarceration; a fine not to exceed $250,000; a term of supervised release of not more than 3 years; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range but may depart upward or downward in the exercise of its discretion pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Defendant also understands that should the sentencing judge decide not to accept the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3. <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a). The right to a jury trial;

    (b). The right to see, hear and question the witnesses;

    (c). The right to remain silent at trial;

PLEA AGREEMENT - 2

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and Defendant agree that in order to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about November 5, 2021, in the Eastern District of Washington, Defendant, VINCENT NICHOLAS PETRUSHKIN, knowingly possessed a firearm, to wit: a Glock Model 17 9mm caliber semi-automatic handgun bearing serial number BHBR218;
>
> *Second*, the firearm had been shipped or transported from one state to another;
>
> *Third*, at the time Defendant possessed the firearm, Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and
>
> *Fourth*, at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

5. <u>Statement of Facts</u>:

The United States and Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and these facts constitute an adequate factual basis for Defendant, VINCENT NICHOLAS

PLEA AGREEMENT - 3

PETRUSHKIN's, guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

In early November 2021, a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Confidential Informant ("CI") advised that co-defendant Randy Coy James HOLMES (aka "Whispers"), a documented Sureno gang member, was looking to obtain a firearm, as he (HOLMES) planned to conduct strong-arm robberies in the near future. The CI arranged for HOLMES to contact an undercover ATF agent to arrange for HOLMES to purchase a firearm from the undercover ATF agent. On November 5, 2021, HOLMES and the undercover ATF agent agreed to meet at the Motel 6 parking lot in Spokane, Washington.

As scheduled, HOLMES arrived at the Motel 6 driving a Dodge Charger. Defendant, VINCENT NICHOLAS PETRUSHKIN (aka "Vegas"), also a Sureno gang member, was a passenger in the vehicle, along with another male, later identified as William BURNS (aka "Serio"), also a Sureno gang member. HOLMES exited the Charger and entered the undercover agent's vehicle. After HOLMES entered the vehicle, he pulled out a firearm, later identified as a Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218, pointed it at the undercover agent's head, and demanded the firearm the undercover agent was going to sell him. The undercover agent advised HOLMES the firearm was in the back of the undercover agent's vehicle. HOLMES then exited the vehicle and ran around to the back of the vehicle to obtain the firearm. When he did so, the undercover agent exited the vehicle and told HOLMES to drop the gun. HOLMES then utilized the Glock Model 17 9mm firearm to shoot at the undercover agent multiple times.

PLEA AGREEMENT - 4

After Defendant was identified as an occupant in the Dodge Charger, he was interviewed. In a post-*Miranda* statement, Defendant advised he recently met HOLMES at a local halfway house as they were both on court supervision. Defendant advised that on November 5, 2021, he and HOLMES were riding around in the Dodge Charger and met an individual who identified himself was "Serio" (a known gang moniker for BURNS) at a local convenience store in Spokane, Washington. HOLMES told "Serio" they were going to go meet someone and HOLMES intended to rob that individual. "Serio" agreed to accompany them. When the three men arrived at the Motel 6 in the Dodge Charger, "Serio" produced a handgun, later identified as the Glock Model 17 9mm handgun and provided it to HOLMES to use a protection during the transaction. Defendant asked HOLMES to view the firearm. HOLMES provided the firearm to Defendant. Defendant handled and inspected the firearm, and then returned the firearm to HOLMES. HOLMES then exited the vehicle. Defendant advised that he heard shots, and then fled the area in the Dodge Charger with "Serio".

Defendant stipulates and agrees that he possessed the Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218 and that prior to November 5, 2021, he been convicted of a crime punishable by imprisonment for a term exceeding one year, and he was aware of that fact. Defendant also stipulates and agrees that prior to his possession of the firearm in the Eastern District of Washington, it had been shipped in interstate or foreign commerce.

6. <u>The United States Agrees Not to File New Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless Defendant breaches this Plea Agreement.

PLEA AGREEMENT - 5

7. <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing. Defendant also understands that pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

(a). *Base Offense Level*:

The United States and Defendant agree to recommend to the Court the Base Offense Level is 14 as Defendant was a prohibited person at the time he committed the instant offense. *See* USSG §2K2.1(a)(6), n.3.

(b). *Specific Offense Characteristics*:

The United States and Defendant agree to recommend a 4-level increase as Defendant possessed or transferred the firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. *See* USSG §2K2.1(b)(6), n. 14.

(c). *Role Adjustments*:

The United States and Defendant agree to recommend there be no role adjustment. *See* USSG §§ 3B1.1; 3B1.2

(d). *Acceptance of Responsibility*:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference date; the United States will move for a three (3)-level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

PLEA AGREEMENT - 6

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

(e). *Criminal History*:

The United States and Defendant have made no agreement and make no representations as to Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigation Report is completed.

8. <u>Length of Incarceration</u>:

The United States agrees to recommend a term of incarceration at the low-end of the advisory guideline range. Defendant is free to recommend any legal sentence.

9. <u>Criminal Fine</u>:

The United States and Defendant agree to recommend the Court impose no criminal fine.

10. <u>Judicial Forfeiture</u>:

Defendant agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States, including, but not limited to:

> a Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218

Defendant acknowledges that the firearm covered by this Agreement is subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), Felon in Possession of a Firearm, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

11. Supervised Release:

The United States and Defendant agree to jointly recommend that the Court impose a three (3) year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

> (a). that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and
>
> (b). that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing,

PLEA AGREEMENT - 8

pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences Defendant to a term of incarceration.

14. <u>Additional Violations of Law Can Void Agreement</u>:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

15. <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive his right to appeal the conviction and the sentence if the Court sentences Defendant to a term of incarceration of 12 months and 1 day or less; and a term of supervised release of 3 years or less. If the Court sentences Defendant to a term of incarceration in excess of 12 months and 1 day and a term of supervised release of more than 3 years, Defendant may appeal only the reasonableness of his sentence.

Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by Defendant, and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction on the Indictment be dismissed, set aside, vacated, or

PLEA AGREEMENT - 9

reversed, this Plea Agreement shall become null and void; the United States may prosecute Defendant on all available charges involving or arising from his possession of firearms, and/or ammunition. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

16. <u>Integration Clause</u>:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

*/s/ Caitlin Baunsgard*                    03/29/2022
_____                _____
Caitlin Baunsgard                         Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand

PLEA AGREEMENT - 10

those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  03/24/22
VINCENT NICHOLAS PETRUSHKIN    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  Mar 24, 2022
Walter Ayers    Date
Attorney for the Defendant

PLEA AGREEMENT - 11